**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                        **CRIMINAL ACTION NO. 4:06CR19-P-B**

**DIANE GRACE SIMPSON,**                                        **DEFENDANT.**

**<u>ORDER</u>**

This matter comes before the court *sua sponte* regarding the defendant's rights under the Speedy Trial Act. After due consideration of the time calculations in this case, the court finds as follows, to-wit:

It appears that the 70-day time limit to try the defendant pursuant to 18 U.S.C. § 3161(c)(1) has elapsed. The 70-day period begins to run "from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id.*

The date of the initial appearance in this case was February 2, 2006. Trial was originally set for April 3, 2006, at which time 10 days remained in the 70-day period. However, the first motion to continue stopped the clock on March 27, 2006, at which time 19 days remained to try the defendant. The clock remained stopped when the court continued the trial "until further order of the court" on May 16, 2006 for a psychiatric valuation of the defendant. More specifically, the court's May 16, 2006 Order granting the motion for psychiatric evaluation and continuing trial stated with regard to a continuance: "This cause is hereby continued until further order of the Court; and that, under 18 U.S.C. sec. 3161(h)(1)(A) and (H), this delay shall be excluded in computing the time in which the trial of defendant Simpson shall commence."

The clock began to run when the court received the results of the psychiatric evaluation on September 27, 2006. At that time, there were still 19 days left of the 70 days. Thus, the date by which the defendant had to be tried was October 16, 2006. On the same day the psychiatric evaluation was received, the court set the trial for November 6, 2006. The defendant filed a third motion to continue on October 26, 2006 which stopped the clock again. However, by that time the 70 day period elapsed 10 days before on October 16, 2006.

In the May 15, 2006 Order continuing trial pursuant to the psychiatric evaluation and transport language in § 3161(h)(1)(A) and (H), there was no specific language regarding continuance based on the "ends of justice" which outweighed the right to speedy trial under 3161(h)(8)(A). That section requires such specific language.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Since it appears that the 70-day time limit under the Speedy Trial Act appears to have elapsed, the court orders that the Government show cause why the indictment in this matter should not be dismissed; and

(2) The parties shall have until Wednesday, November 8, 2006 by which to brief this matter at which time the court will take the parties' positions under advisement after which the court will issue further instructions.

**SO ORDERED** this the 2nd day of November, A.D., 2006.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE